**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MELISSA PERRY,<br><br>　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 16-11411 (MEW) |

**OPINION WITH RESPECT TO MOTION FOR RELIEF FROM THE**
**AUTOMATIC STAY AND USURY ISSUES RELEVANT THERETO**

Before the Court is the motion for relief from the automatic stay filed by Ally Financial, seeking permission to enforce rights against a 2008 Lexis IS 250 motor vehicle pursuant to the terms of a Retail Installment Contract. The motion was unopposed, but in reviewing the papers the Court noted that the Retail Installment Contract calls for the payment of interest at a rate of 23.09% per year. When the matter came on for hearing the Court asked counsel to Ally Financial to submit an explanation as to why the 23.09% rate did not violate New York's usury statutes, which (if applicable) might have limited Ally Financial's rights to enforce the claimed debt.

Counsel filed the requested explanation on July 17, 2016 [ECF No. 17]. Counsel to Ally Financial takes the position that the relevant loan is an "indirect loan" governed by Section 303(1) of the New York Personal Property Law, as the original retail installment contract was entered into between the debtor and a car dealer. Counsel also took the position that usury limits do not apply to such an agreement, based on the language of the relevant statute and also based on the "time-price differential" doctrine described in *Zachery v. Macy & Co.*, 293 N.E.2d 80 (N.Y. 1972).

The Court notes that similar arrangements, and similar arguments, have been and currently are being contested in other cases. A New York Supreme Court Justice issued an unreported decision in 2010 holding that the "time-price differential" doctrine is not applicable to motor vehicle retail installment contracts and that usury limits still apply to contracts governed by section

303(1) of the Personal Property Law. *See Ford Motor Credit Co., LLC v. Black*, 910 N.Y.S.2d 404 (N.Y. Civ. Ct. 2010). In addition, a class action is currently pending in the United States District Court for the Southern District of New York, in which plaintiffs contend that so-called indirect loans should not be entitled to the claimed exemptions from the usury laws. *See Franklyn Cabrera Garcia v. Chrysler Capital LLC, et al.,* No. 15-CV-05949 (S.D.N.Y.). Motions to dismiss have been filed and briefed in that case, and the validity of the prior decision in *Ford Motor Credit Co.* has been challenged, but no ruling has yet been issued by the District Court.

After receiving Ally Financial's letter submission, the Court issued an order on July 28, 2016 [ECF No. 18], noting that the submission had been filed and notifying the debtor, the chapter 7 trustee and the Office of the United States Trustee that any further briefing on this issue, and any additional authorities the parties wished the Court to consider, should be filed on or before August 8, 2016. No party made any filing before the deadline set by the Court, and the motion for relief from the stay remains unopposed. The Office of the United States Trustee did file a letter to the Court on August 15, 2016 indicating that it took the position that the loan at issue may have been usurious, however, because that Office had received late notice of the Court's order for further briefing, it was unable to timely submit a full brief.

In light of the lack of opposition, and the apparent consent to the relief requested, the Court will grant the motion for relief from the automatic stay, which is the only relief that has been sought at this time.

Dated: August 18, 2016
      New York, NY

                                                **/s/ Michael E. Wiles**
                                                UNITED STATES BANKRUPTCY JUDGE